IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELESTE H. DAVIS,<br>    PLAINTIFF, | ) <br> ) <br> )   Civil Action No. <br> ) <br> )   PLAINTIFF'S  COMPLAINT FOR <br> )          MANDAMUS <br> ) |
| MERIT SYSTEMS PROTECTION BOARD,<br>    DEFENDANT. | ) <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT FOR MANDAMUS RELIEF

Plaintiff, Celeste H. Davis, respectfully moves the Court for mandamus relief requiring Defendant, the Merit Systems Protection Board ("MSPB") to reinstate her pending appeal of her Removal, and to provide her with Interim Relief.

### JURISDICTION

1. This is a civil action brought pursuant to 28 U.S.C. §1361 (district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff) and by 28 U.S.C. § 1331 (federal subject matter jurisdiction). This Court also has jurisdiction to issue mandamus relief pursuant to the All Writs Act, 28 U.S.C. §1651. *See, e.g. Martin v. O'Rourke*, 891 F.3d 1338, 1342 (Fed. Cir. 2018). Pursuant to 5 U.S.C. §7703(b)(2), this Court has authority to hear appeals from MSPB decisions which, like this one, include allegations of violations of the Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §701. *Perry v. Merit Systems Protection Board*, 582 U.S. ___, 137 S. Ct. 1975 (2017).

1

## PARTIES

2.     Plaintiff, Celeste H. Davis, is an adult citizen of the United States residing in Cook County, Illinois.  She served as a federal employee for nearly thirty years, most recently as Regional Manager for the Midwest Region, Office of Civil Rights, U.S. Department of Health and Human Services ("DHHS").  She was removed from her position on June 17, 2017, and, on June 22, 2017, she appealed her removal by DHHS to Defendant, MSPB.

3.     The MSPB is the Agency created by statute to implement the due process rights of federal employees not to be removed from employment without a hearing.  The Board consists of three members appointed by the President and confirmed by the Senate.

## VENUE

4.     Venue is proper under 28 U.S.C. § 1391(e), because this is an action against an agency of the United States, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

## FACTS

5.     Federal employees have the right to appeal removal decisions to the MSPB, where the appeals are considered by administrative judges. The administrative judges prepare Initial Decisions with respect to the merits of the appeals.  If the Initial Decision finds in favor of the Appellant, it may include interim relief pending further proceedings.  5 U.S.C. § 7701(b)(2)(A); 5 C.F.R. §1201.111(b)(4) and (c).  If the parties accept the Initial Decision, it becomes final.  If either the Appellant or the Agency object to the Initial Decision, they may file a Petition for Review, which will be determined by a quorum of 2 Board members.

6.  The MSPB has not had a quorum since January 2017. It currently has no confirmed members. While it has continued, in most cases, to process appeals and issue Initial Decisions, at the end of FY 2019, it had a backlog of more than 2900 Petitions for Review, which cannot not be determined in the absence of a quorum. *See* U.S. Merit System Protection Board: Frequently asked Questions about the Lack of Board Quorum and Lack of Board Members, Updated March 1, 2020. www.MSPB.gov.; MSPB FY 2019 Annual Report dated January 31, 2020.[1]

7.  On March 28, 2017, the Department of Health and Human Services (the "Agency") issued Plaintiff a Proposed Removal from her employment as Regional Manager with DHHS-Office for Civil Rights. On June 17, 2017, Plaintiff was removed, and her employment was terminated. On June 22, 2017, Plaintiff filed an appeal, Docket No. CH-0752-17-0423-I-1, with the MSPB, Central Region. In July 2017, MSPB Administrative Judge Georgia Vhalos was assigned to process the appeal.

8.  On May 21, 2019, during a telephonic status call, Judge Vhalos orally advised the parties that, in her forthcoming Initial Decision, she found that Appellant [Plaintiff] had proven her affirmative defenses of: (1) hostile work environment based on her disability or disabilities; (2) discrimination on the basis of that disability or disabilities; and retaliation for her prior, protected EEO activity. Judge Vhalos further found that Appellant was entitled to, *inter alia,* reinstatement, back pay, attorney fees, and compensatory damages. Judge Vhalos further stated that the Agency's acts of discrimination and retaliation against the Appellant were "blatant" and "intentional".

---

[1] MSPB Annual Performance Reports are posted on the Agency Plans and Reports page on MSPB's website (www.mspb.gov).

3

9.     On August 5, 2019, the MSPB record closed regarding compensatory damages. On that same date, the Agency filed a Motion for Reassignment to Properly Appointed Administrative Judge or Dismissal Until a New MSPB Board is Confirmed, relying upon *Lucia v. Securities Exchange Commission,* 138 S Ct. 2044 (2018). Plaintiff filed a Response to the Agency's Motion later that same day.  In her Response, Plaintiff requested that MSPB deny the Agency's Motion arguing that, given the age of the appeal, and stage of the proceedings, it would be unduly prejudicial for MSPB to grant the Agency's Motion given that the appeal was fully briefed and ripe for decision. Plaintiff also requested that she be granted one week to fully brief a Response to the Agency's Motion.

10.     On August 6, 2019, citing 5 C.F.R §1201.29, MSPB Chief Judge for the Central Region, Michele Szary Schroeder, issued an Initial Decision, dismissing Plaintiff's appeal without prejudice to her right to refile her appeal once a newly Senate confirmed MSPB Board decided an interlocutory appeal, filed April 23, 2019, addressing the *Lucia* issue regarding whether Judge Vhalos has the authority to adjudicate her appeal. Chief Judge Schroeder additionally held that, on February 6, 2020, Plaintiff's appeal would automatically be refiled with the MSPB should a new Board not be seated by that date.

11.     5 C.F.R §1201.29 states: "The decision whether to dismiss an appeal without prejudice is committed to the sound discretion of the judge, and may be granted when the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party".

12.     On  February 6, 2020, Chief Judge Schroeder dismissed Plaintiff's appeal without prejudice, for a second time, stating the appeal would automatically be refiled with the MSPB, one year later, on February 6, 2021 should a new Board not be seated by that date.  As was the

4

case with the MSPB's first dismissal without prejudice on August 6, 2019, Plaintiff's appeal was summarily dismissed without providing her notice of the forthcoming dismissal or an opportunity to respond to MSPB's dismissal.

13. On February 28, 2020, Plaintiff filed, with the MSPB Central Region, "Appellant's Motion to Refile Appeal based upon MSPB FY 2019 Annual Report, or Alternatively, to Reconsider Order of February 6, 2020 Dismissing Appeal without Prejudice" In that pleading, Plaintiff urgently requested that MSPB refile her appeal, asserting that MSPB's FY 2019 Annual Report reflected that MSPB regional Administrative Judges were adjudicating cases on the merits during FY 2019, and were issuing Initial Decisions in appeals on August 6, 2019, the date Plaintiff's appeal was dismissed for the first time. MSPB's Central Region did not respond to Plaintiff's February 28, 2020 Motion to Refile the Appeal. Instead, by letter dated March 2, 2020, MSPB notified Plaintiff that her February 28, 2020 Motion to Refile Appeal had been referred to the MSPB Board in Washington, D.C. as a Petition for Review.

14. On March 3, 2020, Plaintiff received a "Letter of Intent" from the MSPB Office of the Clerk asking Plaintiff whether her February 28, 2020 Motion to Refile Appeal, filed with the MSPB Central Region was a request for a Petition for Review by the MSPB Board.

15. On March 15, 2020, Plaintiff filed, with MSPB's Office of the Clerk, a Response to its March 3, 2020 Letter of Intent. In her Response, Plaintiff urgently requested that her Motion to Refile Appeal be considered on its merits by the MSPB Central Region. Plaintiff's Response also instructed the MSPB's Office of the Clerk to construe her Motion to Refile

Appeal as a Petition for Review of Chief Judge Schroeder's February 6, 2020 Initial Decision dismissing her appeal without prejudice for a second time

16.    On March 23, 2020, Plaintiff received an electronic filing from Michele Szary Schroeder, stating that Plaintiff's March 15, 2020 electronic submission had been treated as correspondence; that Plaintiff's case was closed; and that no further action would be taken on her case. Plaintiff has not received any additional correspondence from the MSPB's Office of the Clerk indicating her February 28, 2020 Motion to Refile Appeal has been docketed as a Petition for Review of Chief Judge Schroeder's February 6, 2020 Initial Decision dismissing her appeal without prejudice for a second time.

17.    Since August 5, 2019, and continuing, Plaintiff has suffered irreparable injury. She has been unable to find comparable employment, she has depleted her life savings, she has been unable to afford health insurance, and she is at risk of losing her home.

18.    As of the date of filing this Complaint for Mandamus, not a single MSPB nominee has been confirmed by the U.S. Senate. However, in publicly available information, MSPB reported in its FY 2019 Annual Report, dated January 31, 2020, that, during FY 2019, MSPB Regional and Field offices decided 2,092 appeals involving Adverse Actions by Agency, that 472 of these appeals involved decisions adjudicated on the merits, and that 123 of the 2,092 appeals involving Adverse Actions were appeals filed against DHHS, the same Agency involved in Plaintiff's MSPB appeal. Of the 123 MSPB decisions involving DHHS, 15 of those appeals involved decisions that were adjudicated on the merits by MSPB Administrative Judges.

6

## CLAIMS

19.    Plaintiff has been deprived of due process of law guaranteed by the Fifth Amendment to the United States Constitution in that she has been deprived of her employment without a full hearing, and without the right to be heard.

20.    Plaintiff has been deprived of her right to equal protection of the law guaranteed to federal employees through the Fifth Amendment to the United States Constitution, in that her appeal has been dismissed and/or stayed while similar appeals have continued to be heard without any rational basis for distinction.

## RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order:

1.    Ordering Defendant to resume processing Plaintiff's appeal and to issue promptly an Initial Decision based on the record as it existed on the day it was closed, August 5, 2019, and including appropriate interim relief; and

2.    Awarding Plaintiff her reasonable attorney's fees incurred in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(b).

3.    Awarding Plaintiff her costs.

4.    Awarding such other relief as may be just.

Dated: April 6, 2020

Respectfully Submitted,

/s/ Jean P. Kamp

_____

Jean P. Kamp, Esq.
204 North Harvey Ave.
Oak Park, IL 60302
(708) 848-5636
7kampjp@gmail.com

Judge James E. Sullivan (Retired)
53 West Jackson Blvd
Suite 950
Chicago, IL. 60604
(312) 251-9191
Lawofc9191@aol.com

8